UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LILIANA FIGUEROA, | Case No. CV 14-06522 (GJS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. PROCEEDINGS

Plaintiff Liliana Figueroa ("Plaintiff") filed a complaint seeking review of the Commissioner's denial of her application for Supplemental Security Income. The parties filed consents to proceed before the undersigned United States Magistrate Judge, and motions addressing disputed issues in the case (Brief With Points and Authorities in Support of Plaintiff's Complaint ("Plaintiff's Brief") and Defendant's Brief in Opposition to Plaintiff's Brief in Support of Complaint ("Defendant's Brief")). The Court has taken the motions under submission without oral argument.

///

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability since April 14, 2004, based primarily on rheumatoid arthritis, disc and bone disease, lower hip deterioration, fibromyalgia, anemia, an ulcer, depression, anxiety, memory loss, and joint, neck and left arm pain. (Administrative Record ("AR") 13, 124, 163, 165). The Administrative Law Judge ("ALJ") determined that Plaintiff has severe degenerative disc disease of the cervical spine, status post anterior metallic fusion at C6-C7 with bony interbody fusion, degenerative disc disease of the lumbar spine, and a history of fibromyalgia diagnosis. (AR 11). The ALJ found that, notwithstanding these severe impairments, Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work,[1] and that a person with Plaintiff's RFC could perform work as an inspector and hand packager, assembler, and cleaner. (AR 13, 15-16). In denying benefits, the ALJ deemed Plaintiff's subjective complaints less than fully credible. (AR 13-15). The Appeals Council denied review. (AR 1-3).

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d

---

[1] Specifically, the ALJ found that Plaintiff has the ability to: stand and walk up to 6 hours in an 8-hour workday; sit for up to 6 hours in an 8-hour workday; climb ladders, ropes or scaffolds occasionally; climb ramps or stairs, balance, stoop, kneel, crouch or crawl frequently; and perform work that does not require more than frequent or concentrated exposure to hazardous machinery, unprotected heights, or other high risk, hazardous or unsafe conditions. (AR 13). The ALJ further found that Plaintiff can rotate her neck to the maximum range of motion occasionally, but must avoid flexing or extending her neck to the maximum range of motion for prolonged periods (i.e., greater than one minute at a time). (AR 13).

1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## IV. DISCUSSION

Plaintiff contends that the ALJ: (1) erred in the assessment of Plaintiff's credibility; and (2) erred in failing to develop the record further. (Plaintiff's Brief at 2-10). As set forth below, the Court agrees with Plaintiff, in part, and remands the matter for further proceedings.

### A. Plaintiff's Credibility

Plaintiff alleges that she suffers from significant pain and limitations due to her impairments. (AR 29-44). She stated that she has difficulty walking and standing, and needs help with activities such as cooking, washing dishes, cleaning, sweeping, and mopping. (AR 40-42).

The ALJ found Plaintiff's subjective symptom testimony not fully credible. (AR 13-14). The ALJ noted that although Plaintiff's medically determinable impairments could reasonably be expected to cause some of Plaintiff's alleged symptoms, Plaintiff's allegations concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent alleged. (AR 13-14). As there was no affirmative evidence of malingering in this case, the ALJ was obligated to provide "specific, clear and convincing reasons" for rejecting Plaintiff's subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be 'clear and convincing.'" (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

The ALJ offered only one reason for discounting Plaintiff's testimony: "the objective medical evidence does not support [Plaintiff's] allegations of severity of

pain and physical impairments." (AR 14-15). However, the lack of corroborating medical evidence, standing alone, was not a sufficient reason to discount Plaintiff's credibility because the record contained objective medical evidence of underlying impairments that could reasonably be expected to produce some degree of Plaintiff's alleged symptoms. (AR 11, 14, 182-83, 192-204, 217, 219-220, 225, 238, 275, 297, 303-04); *see Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) ("[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."); *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("claimant need not present clinical or diagnostic evidence to support the severity of his pain" (citation omitted)); *Reddick*, 157 F.3d at 722; *Smolen*, 80 F.3d at 1281-82 & n. 2.

  Defendant asserts that the ALJ discussed two other valid reasons for the adverse credibility determination: Plaintiff's treatment history was "inconsistent with the disabling level of impairments" alleged, and "Plaintiff testified at the hearing that she had only recently begun taking pain medication again." (Defendant's Brief at 7 (citing AR 11-12, 29)); *see Bunnell*, 947 F.2d at 345 (ALJ may consider lack of objective medical evidence to corroborate a claimant's subjective symptoms so long as it is not the only reason for discounting credibility); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (same). Defendant's argument lacks merit.

  First, although the ALJ considered Plaintiff's lack of psychiatric treatment in finding Plaintiff's depression and anxiety to be non-severe impairments, the ALJ did not cite Plaintiff's treatment history or any asserted absence of treatment, as a basis for discounting her subjective complaints. (AR 11-12). Rather, the ALJ's credibility analysis focused on the lack of objective evidence to support Plaintiff's complaints of pain and physical impairments. (AR 13-14). Therefore, Plaintiff's

4

treatment history is not a clear and convincing reason to support the ALJ's credibility determination. *See Burrell v. Colvin*, 775 F.3d 1133, 1138-39 (9th Cir. 2014) (rejecting Commissioner's argument that asserted conflict between claimant's subjective complaints and treatment history was sufficient to support the adverse credibility determination where the ALJ never stated that he rested his credibility finding on that reason); *see also Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009) (declining to attribute the ALJ's discussion of physicians' opinions to adverse credibility determination because the ALJ did not discuss physicians' opinions when rejecting the claimant's subjective complaints of pain).

Second, Defendant's suggestion that the ALJ discounted Plaintiff's testimony on the basis that Plaintiff only recently began taking pain medication mischaracterizes the ALJ's findings. (Defendant's Brief at 7). In the decision, the ALJ simply noted that Plaintiff was taking pain medications, but the medications had caused Plaintiff some stomach problems. (AR 13, 29). The ALJ never asserted that a failure to take pain medication or lack of medication compliance supported the adverse credibility determination. The Court "may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted)); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm ALJ's credibility decision based on reasons not cited by the ALJ).

Accordingly, the Court finds that the ALJ failed to provide specific, clear and convincing reasons, apart from the lack of objective medical evidence, for discounting Plaintiff's subjective complaints.

## V.    CONCLUSION AND ORDER

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully

developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 154 L.Ed.2d 272 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *see also Connett,* 340 F.3d at 876 (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony); *Harman*, 211 F.3d at 1180-81.

IT IS THEREFORE ORDERED that Judgment be entered reversing the Commissioner's decision and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion and Order.[2]

DATED: July 15, 2015    _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.